FILED
2017 DEC 22 PM 2: 26

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
Case Number: 6:17-CV-02189-ORL-18-TBS

KEEN MARKETING AND MANUFACTURING, LLC, a Florida limited liability company; and KEEN II, LLC a Florida limited liability company,

    Plaintiffs,

v.

SHAWN SWEENEY, an individual; JOHN MORAN, an individual; and PIADINA INCORPORATED d/b/a PRIMIZIE SNACKS, a Texas corporation, M CREATIVE SOLUTIONS, LLC, a Florida limited liability company,

    Defendants.

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiffs, Keen Marketing and Manufacturing, LLC and Keen II, LLC (collectively the "Keen Entities"), through undersigned counsel, sue Defendants Shawn Sweeney ("Sweeney"), John Moran ("Moran") and Piadina Incorporated d/b/a Primizie Snacks ("Primizie") for violation of the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836 *et. seq.* for stealing the business trade secrets of the Keen Entities, as well as for misappropriation of trade secrets pursuant to Sections 688.001-009, Florida Statutes, and state as follows:

### Parties, Jurisdiction, and Venue

1.    Plaintiff, Keen Marketing and Manufacturing, LLC ("Keen M&M") is a limited liability company organized and existing under the laws of the state of Florida, maintaining a principal place of business at 513 Main Street, Windermere, Florida 34786.

2. Plaintiff, Keen II, LLC ("Keen II") is a limited liability company organized and existing under the laws of the state of Florida, maintaining a principal place of business at 513 Main Street, Windermere, Florida 34786.

3. Defendant Sweeney is an individual and former employee of the Keen Entities. Sweeney is a resident of Orange County, Florida.

4. Defendant M Creative Solutions LLC is a limited liability company organized and existing under the laws of the state of Florida, maintaining a principal place of business at 1093 Vinsetta Circle, Winter Garden, Florida 34787.

5. Defendant Moran is an individual and former employee of the Keen Entities. Moran is a resident of Orange County, Florida.

6. Defendant Piadina Incorporated d/b/a Primizie Snacks is a corporation organized and existing under the laws of the state of Texas, with an address of 4012 Sendero Drive, Austin, Texas 78735.

7. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because Plaintiffs assert causes of action under the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836(b). This Court has supplemental jurisdiction over the state law claims brought herein as they form part of the same case or controversy as the federal causes of action.

8. This Court has personal jurisdiction over Defendants because they are either Florida residents or entities doing business in Florida.

9. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to these claims occurred in this district.

**Facts Common to All Counts**

10. The Keen Entities invest in, market, and provide consulting services for start-up companies in the novelty snack food space. Also in furtherance of that business, the Keen Entities sell successful product line brands and/or assets for profits.

11. The Keen Entities have long-standing, established relationships with existing and identifiable retailers and vendors, and have spent years and significant financial resources cultivating those relationships.

12. Additionally, as part of their ongoing business activities, the Keen Entities have engaged in substantial research and development activities, including, but not limited to:



a. ▇
b. ▇
c. ▇
d. ▇

▇[1] (collectively the "Trade Secrets").

13. Keen M&M owns approximately a 25% interest in Brownie Brittle LLC ("Brownie Brittle"). Brownie Brittle is a producer of, among other specialty products, specialty brownie chips – a novelty snack food. These chips are sold in brick and mortar stores, such as retailers and delis with limited shelf space. There is significant and aggressive competition for that limited shelf space at these delis and retailers.

---

[1] Due to the sensitive and proprietary of some of the information relied upon herein, Plaintiffs are filing a redacted complaint and will thereafter follow the appropriate procedures and seek leave to file a sealed, unredacted Complaint.

3

14. Keen II owns approximately a 40% interest in Vintage Italia, LLC ("Vintage Italia"). Vintage Italia is a producer of specialty pasta chips which is also a novelty snack food. These chips are similarly sold in brick and mortar stores, such as retailers and delis with limited shelf space. There is significant and aggressive competition for that limited shelf space at these delis and retailers.

15. Both Sweeney and Moran worked for the Keen Entities and, in the scope of their employment with the Keen Entities, had access to the Trade Secrets.

16. The Trade Secrets are not generally known within the Keen Entities, and were not known by anyone outside of the Keen Entities.

17. The Keen Entities had expended substantial time and resources developing, maintaining, and protecting the Trade Secrets.

18. Sweeney and Moran left their employment with the Keen Entities and thereafter and presently work and/or provide services to and for Primizie. Sweeney is the CEO for Primizie. Moran provides his services to Primizie through M Creative Solutions.

19. Primizie is a direct competitor with the Keen Entities.

20. Following Sweeney and Moran's departure from the Keen Entities and Defendants' work for Primizie, Primizie's product lines have been revamped to mimic the product lines of the Keen Entities. Primizie's products have, *inter alia*, ████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████

4

21. As a direct and proximate result of these actions, the Keen Entities have suffered damages, which are ongoing.

22. All conditions precedent to the bringing and maintenance of this action have been performed, were waived would be futile if attempted, or have otherwise been satisfied or occurred.

23. The Keen Entities have retained the law firm of Shutts & Bowen LLP to represent them in this matter and are obligated to pay it reasonable attorneys' fees and costs.

## COUNT I
## Violations of the Defend Trade Secrets Act of 2016
## (18 U.S.C. Section 1836(b))

24. Plaintiffs re-allege and incorporate paragraphs 1 through 23.

25. This is an action for misappropriation of trade secrets pursuant to the Defend Trade Secrets Act of 2016 (the "DTSA"), 18 U.S.C. § 1836(b).

26. Plaintiffs' Trade Secrets are trade secrets as contemplated by 18 U.S.C. § 1836(b)(1) and within the meaning of 18 U.S.C. § 1839(3).

27. Plaintiffs' confidential information derives independent economic value from not being generally known to, or readily ascertainable through proper means by, other persons who could obtain economic value from the disclosure or use of the information as contemplated by 18 U.S.C. § 1839(3)(B).

28. At all relevant times, Plaintiffs took reasonable measures to keep such information secret pursuant to 18 U.S.C. § 1839(3)(A).

29. Defendants misappropriated Plaintiffs' trade secrets by knowingly acquiring the trade secrets through theft, misrepresentation, and/or by inducing Plaintiffs' former employees to breach a duty to maintain secrecy.

5

30. Defendants' improper acquisition, use, and/or disclosure of Plaintiffs' trade secrets and confidential information has caused immediate and irreparable damage to Plaintiffs as proscribed by 18 U.S.C. § 1839(5) and its subsections.

31. Plaintiffs cannot be assured that Defendants will not continue to misappropriate, disclose or use additional trade secret and confidential information in the future, and Plaintiffs will continue to suffer immediate and irreparable harm if Defendants are not enjoined from such disclosure or use on a preliminary and permanent basis.

**WHEREFORE**, Plaintiffs respectfully requests that this Court:

a. enjoin Defendants from releasing, disclosing, sharing, distributing, using or otherwise misappropriating Plaintiffs' Trade Secrets to any third party, and require Defendants to return or destroy any copies or electronically stored versions of Plaintiffs' Trade Secrets in Defendants' possession or control pursuant to 18 U.S.C. § 1836(3)(A);

b. award Plaintiffs damages equivalent to the actual loss caused by Defendants' misappropriation of Plaintiffs' Trade Secrets, and additional damages for any unjust enrichment caused by the misappropriation of Plaintiffs' Trade Secrets that is not addressed in computing damages for actual loss pursuant to 18 U.S.C. § 1836(3)(B)(i);

c. award Plaintiffs exemplary damages for Defendants' willful and malicious misappropriation of Plaintiffs' Trade Secrets in an amount not more than two (2) times the amount of the damages awarded under the aforementioned subparagraph (B) of the DTSA as provided in 18 U.S.C. § 1836(3)(C);

d. award Plaintiffs costs and reasonable attorneys' fees incurred in bringing this action;

e. require Defendants to return all trade secrets, confidential information, or proprietary information unlawfully obtained or retained to Plaintiffs; and

f.  grant Plaintiffs any further relief the Court deems just and proper.

## COUNT II
### Misappropriation of Trade Secrets under Florida's Uniform Trade Secrets Act Sections 688.001-009, Fla. Stat.

32. Plaintiffs re-allege and incorporate paragraphs 1 through 23.

33. This is an action for misappropriation of trade secrets pursuant to Sections 688.001-009, Florida Statutes.

34. Plaintiffs' Trade Secrets derive independent economic value from not being generally known to, or readily ascertainable through proper means by, other persons who could obtain economic value from the disclosure or use of the information.

35. At all relevant times, Plaintiffs took reasonable measures to keep such information secret.

36. Defendants misappropriated Plaintiffs' Trade Secrets by knowingly acquiring the Trade Secrets through theft, misrepresentation, and/or by inducing Plaintiffs' former employees to breach a duty to maintain secrecy, causing immediate and potentially irreparable damage to Plaintiffs.

37. Defendants' misappropriation of Plaintiffs' Trade Secrets was willful and malicious.

38. Plaintiffs cannot be assured that Defendants will not continue to misappropriate, disclose or use additional trade secret and confidential information, and Plaintiffs will continue to suffer immediate and irreparable harm if Defendants are not enjoined from such disclosure or use on a preliminary and permanent basis.

**WHEREFORE**, Plaintiffs respectfully requests that this Court:

a. enjoin Defendants from releasing, disclosing, sharing, distributing, using or otherwise

misappropriating Plaintiffs' Trade Secrets to any third party and require Defendants to return or destroy any copies or electronically stored versions of Plaintiffs' trade secrets in Defendants' possession or control pursuant to § 688.003, Fla. Stat.;

b. award Plaintiffs damages equivalent to the actual loss caused by Defendants' misappropriation of Plaintiffs' Trade Secrets, and additional damages for any unjust enrichment caused by the misappropriation of Plaintiffs' trade secrets that is not addressed in computing damages for actual loss pursuant to § 688.004, Fla. Stat.;

c. award Plaintiffs costs and reasonable attorneys' fees incurred in bringing this action pursuant to § 688.005, Fla. Stat.;

d. require Defendants to return all trade secrets, confidential information, or proprietary information unlawfully obtained or retained to Plaintiffs; and

e. grant Plaintiffs any further relief the Court deems just and proper.

Date: December 22, 2017

By: /s/ Alfred J. Bennington, Jr.
Alfred J. Bennington, Jr., Esq.
Florida Bar No. 404985
Email: bbennington@shutts.com
Glennys Ortega Rubin, Esq.
Florida Bar No. 556361
Email: grubin@shutts.com
**SHUTTS & BOWEN LLP**
300 South Orange Avenue, Suite 1600
Orlando, Florida 32801
Telephone: (407) 835-6755
Facsimile: (407) 849-7255

Daniel J. Barsky, Esq.
Florida Bar No. 25713
Email: dbarsky@shutts.com
**SHUTTS & BOWEN LLP**
200 South Biscayne Boulevard, Suite 4100
Miami, Florida 33131
Telephone: (561) 650-8518
Facsimile: (561) 822-5527

WPBDOCS 9440794 2